UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:19-CR-145 |
| | ) | |
| LYNN RICHARD NORTON | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Lynn Richard Norton's appeals of Magistrate Judge Cynthia Richardson Wyrick's report and recommendation and an order denying defendant's motions to suppress. [Docs. 344, 368, 369]. The defendant *pro se* seeks a reversal of the Magistrate Judge's decisions and moves for permission to file late objections to the Magistrate Judge's report and recommendation. [Docs. 332; 335]. The defendant, through counsel, timely appeals the Magistrate Judge's order suppressing an April 8, 2019 audio recording. [Doc. 352]. The government has responded in opposition, [Docs. 345, 372]. The matters are ripe for review.

I.  Background

On September 1, 2020, a grand jury returned a superseding indictment in this case charging defendant with conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A); distribution 5 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and aiding and abetting another to possess with intent to distribute 5 grams or more of methamphetamine in violation of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1), (b)(1)(B). [Doc. 250]. Defendant, through counsel, subsequently filed two separate motions to suppress. [Docs. 255; 302]. The Magistrate Judge held a suppression hearing on February 9, 2021. [Doc. 359]. Thereafter, the Magistrate Judge filed her report on the first motion to suppress, recommending defendant's motion be denied. [Doc. 332]. Neither the government nor the defendant filed timely objections to the Magistrate Judge's order and this Court entered

1

an order approving and adopting the report and recommendation. [Doc. 332]. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). In regard to the second motion to suppress, the Magistrate Judge filed a February 26, 2021 order denying defendant's motion. [Doc. 335]. Defendant, through counsel, now appeals that order. [Doc. 352]. Defendant, *pro se*, objects to both of the Magistrate Judge's orders. [Doc. 344].

**II.        *Pro Se* Appeals**

Despite being represented by counsel and reminded numerous times that Eastern District of Tennessee Local Rule 83.4 does not permit the filing of *pro se* motions of represented parties, defendant has proceeded to file *pro se* appeals of Magistrate Judge orders. [Docs. 344, 368, 369]. "It is well settled that there is no constitutional right to hybrid representation." *United States v. Cromer*, 389 F.3d 662, 681 n.12 (6th Cir. 2004) (citing *United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987)). Moreover, Eastern District of Tennessee Local Rule 83.4 governs appearances of counsel. Subsection 83.4(c) indicates a *pro se* notice of appeal is not proper without first obtaining an order of substitution:

> Whenever a party has appeared by attorney, that party may not thereafter appear or act in his or her own behalf in the action or proceeding, unless an order of substitution shall first have been made by the court, after notice by the party to the attorney and to the opposing party. However, the court may, in its discretion, hear a party in open court, notwithstanding the fact that the party is represented by an attorney.

E.D. TN. L.R. 83.4(c). Despite the fact that counsel has appeared on his behalf, defendant has continued to file documents on the docket. [*See* Docs. 344, 368, 369, 367].

Even if this Court were to consider defendant's *pro se* filings, the objections for the first motion to suppress were untimely. [Doc. 344]. In the Magistrate Judge's report and recommendation, she explicitly outlined the period for counsel to file objections. [*See* Doc. 330 at 9]. After neither party filed objections in the time allowed, this Court entered an order adopting and approving the Magistrate Judge's report and recommendation. [Doc. 332]. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). When a party has not properly objected to a magistrate judge's report and recommendation, district courts need not consider late objections. Fed. R. Crim. P. 59(a) ("Failure to object in accordance with this rule waives a party's right to review."). However, even if this Court were to entertain defendant's *pro se* objections, they are overly

2

general and nonspecific as to why he asserts the Magistrate Judge's report and recommendation is clearly erroneous or contrary to law. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (a "general objection to the entirety of the magistrate's report has the same effect[] as . . . a failure to object."). Accordingly, defendant's *pro se* appeals of the Magistrate Judge's orders are **OVERRULED**. [Doc. 344, 368, 369].

**III.     Doc. 352**

Defendant, through counsel, appeals the Magistrate Judge's order, [Doc. 335], denying defendant's motion to suppress, [Doc. 302], and admitting an audio recording of an April 8, 2019 controlled purchase into evidence, [Doc. 352]. As mentioned in the Magistrate Judge's order, defendant's motion is stylized as a motion to suppress, but is more akin to a motion in limine. [*See* Doc. 335 at 1 n.1]. Like the Magistrate Judge court, this Court will treat the motion as a motion in limine.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003). Section 636(b) allows district court judges, subject to certain exceptions, to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A).

This Court will set aside Magistrate Judge orders on non-dispositive motions only if they are contrary to law or clearly erroneous. *See* Fed. R. Crim. P. 59(a). The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient contrary to law standard. *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (internal quotation marks omitted). Under the clearly erroneous standard for findings of fact, the Court need only consider whether any evidence or showing exists to support the Magistrate Judge's finding and whether the finding was reasonable. *Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles,* 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999) (citations omitted). "When examining legal conclusions under the 'contrary to law' standard, the Court may overturn 'any conclusions of law which

3

contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'" *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994)); *see* 32 Am.Jur.2d Federal Courts § 140 (2018) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure"). Here, the defendant challenges two of the Magistrate Judge's factual findings and multiple of her conclusions of law.

Defendant first challenges the Magistrate Judge's factual finding that the confidential informant agreed to purchase a pistol. [Doc. 335 at 3]. Defendant argues that the audio recording, and its transcript do not discuss the sale of a pistol and, therefore, the Magistrate Judge's finding is clearly erroneous. [Doc. 352 at 2]. The transcript discusses the sale of a "20-gauge shotgun," however, the sale of that firearm was not completed, and the confidential informant instead purchased a "Jennings pistol silver in color 9-millimeter with one magazine." [Doc. 359 at 157-58]. Although a description of the pistol was not a part of the discussion between the confidential informant and the male voice, the pistol was purchased during the transaction in question. Moreover, Lieutenant Gene Watson testified to the exact model of the purchased firearm at the suppression hearing. [*See id.*]. The Magistrate Judge's finding that the confidential informant "ultimately agreed to purchase a pistol" was not clearly erroneous[1].

Next, defendant takes issue with the Magistrate Judge's factual finding that defendant stated to the confidential informant that he could "get her anything she wanted" in reference to the purchase of controlled substances. [Doc. 352 at 2]. The exchange of the audio recording was as follows:

> CI: And, is that all? He's wanting more work too. You got more work?

---

[1] The entirety of the Magistrate Judge's order states: "[t]he CI noted she would consider the shotgun but ultimately agreed to purchase a pistol for $410." The "410" referred to in the transcript and on the audio recording references a .410 caliber shotgun and not the purchase price:

> MALE VOICE: 150 dollars. Heck, I mean it's a 410.
>
> CI: 410? Well.
>
> MALE VOICE: It shoots a 30/30 shell too.

The statement in the Magistrate Judge's order does not alter the substance of the defendant's challenge.

4

> MALE VOICE: Huh.
>
> CI: I can sell it on my way to Knoxville. You got any more dope?
>
> MALE VOICE: Yeah.
>
> CI: Well. Well, damn you just told me you didn't have anymore a while ago when I called you. What the hell?
>
> MALE VOICE: I can get some more dope. I mean I got some dope. I mean I ain't got nothing like that, but I can get anything you want.

From the exchange, the confidential informant asked the male voice if he has "work," and when he indicated he was confused, the confidential informant clarified and asked if he has "any more dope?" [*See* Doc. 359 at 147-48 ("Work means they're selling illegal narcotics.")]. Although the male voice did not say "I can get anything you want" as a direct and immediate response to the confidential informant's question, it is a clear elaboration and implies that the male voice can procure "anything" the confidential informant may want. In other words, the male voice was willing and able to procure the narcotic and amount of the confidential informant's choice. The Magistrate Judge's finding that the male voice stated he could "get anything you want" to the confidential informant in response to a request for dope is not clearly erroneous.

Defendant next attacks the Magistrate Judge's conclusions of law. Defendant argues the audio recording is not relevant under Federal Rule of Evidence 401. Defendant also argues that the audio recording is unduly prejudicial pursuant to Federal Rule of Evidence 404(b). The Court herein discusses each argument in turn.

"Rule 401 offers a test of relevance: 'Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence[.]' Fed. R. Evid. 401(a). And, 'the fact [must be] of consequence in determining the action.' Fed. R. Evid. 401(b)." *United States v. Hazelwood*, 979 F.3d 398, 408 (6th Cir. 2020). "Relevancy is an extremely broad concept. Both the Supreme Court and the Sixth Circuit have noted that the standard set forth in Rule 401 is a liberal one." *Hinkle v. Ford Motor Co.*, 2012 U.S. Dist. LEXIS 130585, 2012 WL 4049477, *1-2 (E.D. Ky. Sept. 13, 2012) (citing *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006)).

5

Defendant avers that it "is not obvious how [the] discussion would be relevant to prove, either directly or circumstantially, that Mr. Norton transferred a Bryco Pistol or possessed a Bryco Pistol, as he is charged with, while in the course of his discussion with the confidential informant." [Doc. 352 at 3]. Moreover, Defendant contends that "there is simply no one who save Mr. Norton possess the firearm, other than the CI. The audio recording has nothing to do with Mr. Norton possessing a Bryco Pistol." [*Id.*].

Defendant is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Doc. 250]. The specific firearm in the superseding indictment is a 9 mm Bryco Pistol, the same firearm that was purchased by the confidential informant during the April 8, 2019 transaction. The audio recording of that transaction directly helps identify who sold the confidential informant the firearm in question. Undoubtedly, the seller had possession of the firearm before the transaction. The audio recording is relevant to determining the second element of the crime – that defendant knowingly possessed the firearm. *See* 18 U.S.C. § 922(g)(1). *See also United States v. Clay*, 176 F. App'x 360, 361 (6th Cir. 2006) (listing the elements of the crime possession of a firearm by a convicted felon).

Defendant maintains that the audio recording is irrelevant to the drug charges because it does not pertain to any discussion of the amount of methamphetamine involved in the alleged transaction that day. [Doc. 352 at 3]. Further, defendant argues there is no discussion about any dope being sold in the audio recording. [*Id.* at 3-4]. Defendant faces multiple drug charges, including a conspiracy and distribution charge. [*See* Doc. 250]. The audio recording captures a firearms transaction during which the seller, the unidentified "MALE VOICE," tells the confidential informant that he can get more "dope." [*See* "I can get some more dope. I mean, I got some dope."]. Although a drug transaction did not occur on the April 8, 2019 recording, the discussion of drugs indicate that the unidentified male voice had access to "dope" and would be willing to sell it to the confidential informant, who could in turn "sell it on [her] way to Knoxville." The audio recording is relevant to the distribution and the drug conspiracy charges, whether directly or indirectly. *See United States v. Sumlin*, 956 F.3d 879, 888 (6th Cir. 2020) ("[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth.").

6

Defendant next argues the audio recording should be excluded under Federal Rule of Evidence 404(b) as unduly prejudicial. [Doc. 352 at 4-6].

"Background or res gestae evidence is an exception to Rule 404(b)." *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013) (citing *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012)). "Res gestae is sometimes also known as 'intrinsic evidence.' 'Intrinsic acts are those that are inextricably intertwined with the criminal act charged or a part of the criminal activity as opposed to extrinsic acts, which are those that occurred at different times and under different circumstances from the offense charged.'" *United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015), *reh'g denied* (Oct. 23, 2015) (quoting *United States v. Stafford*, 198 F.3d 248, at *4 (6th Cir. 1999)). "Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). "Proper background evidence has a causal, temporal or spatial connection with the charged offense." *Id.*

Here, the Magistrate Judge concluded that the content of the audio recording "bear[ed] close temporal, spatial, and causal proximity to the ultimate offenses for which Defendant was charged – the unlawful sale of a firearm and methamphetamine," and as such, was properly admissible as *res gestae* evidence. [Doc. 335 at 8]. Further, in her order, she found that the evidence's probative value of identifying the unknown seller on the audio recording outweighs the prejudicial effect on defendant's case. [*Id.*]. After the Magistrate Judge's order, the government filed a notice of intent to use 404(b) Evidence. [*See* Doc. 353].

The audio recording is evidence of a controlled buy. The confidential informant bought a pistol from the seller, an unidentified male voice, who also assured the confidential informant that he has "some dope" and "can get anything [she] wants" in reference to the dope. The audio recording has a "causal, temporal [and] spatial connection with the charged offense[s]." *Hardy*, 228 F.3d at 748. The audio recording is "inextricably intertwined" with the evidence of defendant's charges under 18 U.S.C. § 922(g)(1), 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and 21 U.S.C. § 841(a)(1), (b)(1)(C). [*See* Doc. 250]. Finally, this Court agrees with the Magistrate Judge's conclusion that identifying the seller of the transaction has immense

7

probative value that is not outweighed by the prejudicial effect on defendant's case under Rule 403. Accordingly, defendant's appeal is DENIED.

IV. **Conclusion**

For the foregoing reasons, the Court concludes defendant's appeals and objections are DENIED. [Docs. 344, 368, 369]. Defendant's appeal of the Magistrate Judge's order, [Doc. 352], is also DENIED.

So ordered.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE

8

Case 2:19-cr-00145-JRG-CRW   Document 378   Filed 03/15/21   Page 8 of 8   PageID #: 2635